455 A.2d 1235

**EASTERN ENGINEERING & ELEVATOR CO., INC., Appellant,**

v.

**AMERICAN RE-INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1981.

Filed Jan. 28, 1983.

Christina Barbieri, Philadelphia, for appellant.

Morris R. Brooke, Philadelphia, for appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

McEWEN, Judge:

We here consider an appeal from an order which granted summary judgment in favor of the defendant-appellee American Re-Insurance Company and against the plaintiff-appellant Eastern Engineering & Elevator Co., Inc.[1] We affirm.

Appellant purchased in 1964 an insurance policy from the LaSalle Casualty Company (LaSalle) which provided, *inter alia,* that LaSalle would defend claims made against appellant under the policy and pay the legal costs and expenses incurred in connection with the defense of such claims. LaSalle then insured itself by means of a re-insurance contract with appellee which provided, *inter alia,* that appellee would reimburse LaSalle to the extent of fifty percent of the amount LaSalle paid out during the period covered, including costs of defense.

On February 20, 1964, as a result of an accident on a construction site, four personal injury suits were filed against appellant. Prior to the time these suits came to trial, LaSalle became insolvent and was placed in receivership by the Insurance Department of the State of Illinois. Since neither LaSalle nor the liquidator were in a position to defend the action, appellant itself undertook the defense and obtained a dismissal of the suits. Appellant then brought this suit against appellee to recover counsel fees in the amount of $7,505.00.

Reinsurance refers to an "undertaking whereby one insurer agrees to protect another insurer, known as the reinsured, either wholly or partially from a risk which it has undertaken, both policies being in effect at the same time, and the original insured having no interest in the reinsurance." 13A Appleman, Insurance Law & Practice § 7681, at 484–85 (1976). When an insurer has the subject of insurance reinsured to him by another, there is "no privity

---

**1.** A motion for summary judgment will be granted only in cases where there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Pennsylvania Rule of Civil Procedure 1035(b).

between the original insured and the reinsurer; the latter is in no respect liable to the former as a surety or otherwise; the contract of insurance and of reinsurance being totally distinct and disconnected." *Appeal of Goodrich,* 109 Pa. 523, 529, 2 A. 209, 211 (1885).[2]  The insolvency of the original insurer does not change the nature of the reinsurer's obligation so as to permit the insurer to pursue it directly." 19 Couch on Insurance, § 80:66 at 959 (R.A. Anderson ed., 2d ed. (1959)).  "The insured may, however, bring a direct action against the reinsurer where a proper third-party beneficiary contract to that effect may be found or where the reinsurer is a successor which has assumed the original insurer's liabilities." 19 Couch on Insurance, *supra,* § 80:67 at 959.

■ In the instant case, the appellant does not argue that a third-party beneficiary contract existed or that the appellee is a successor which has assumed the liabilities of LaSalle.  Rather, appellant argues that section 117 of the Pennsylvania Insurance Code (40 P.S. § 117) authorizes a direct action by an insured against a reinsurer of an insolvent insurer.  That section provides:

§ 117  Indemnity insurance; statement as to insolvency or bankruptcy of insured

No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any mo-

---

**2.** We note that the three members of a panel of this court in *Schuylkill Products, Inc. v. H. Rupert and Sons, Inc.,* 305 Pa.Super. 36, 451 A.2d 229 (1982), each addressed this issue. The learned Judge Donald E. Wieand in the lead opinion declared that "there is no right of direct action against a reinsurer by any party except the reinsured." *Id.,* 305 Pa.Super. at 40, 451 A.2d at 231. The distinguished Judge Justin M. Johnson advised in a concurring opinion that "there are situations that I foresee where the original insured should be permitted to sue a reinsurer directly." *Id.,* 305 Pa.Super. at 45, 451 A.2d at 234. The eminent Judge Edmund B. Spaeth, Jr. advocated in his dissent the abandonment of the traditional rule which bars suits by an original insured against the reinsurer.

tive power and for which loss or damage the person insured is liable, shall hereafter be issued or delivered in this State by any corporation, or other insurer, authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation, under the terms of the policy, for the amount of the judgment in the said action, not exceeding the amount of the policy.

Appellant attempts to extend the application of this statute to the instant situation and argues that appellant is the injured party, LaSalle is the insured and appellee is the insurance carrier. A mere reading of the statute makes clear that this provision does not apply to the situation we here study. For example, section 117 requires that a suit may be brought against an insurer only when "execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy ...."; however, appellant did not allege that it brought an action against LaSalle nor is there any allegation that appellant filed a claim with the Illinois State Liquidator. Thus, appellant cannot rely on section 117 as statutory authority for this proceeding against appellee, the insurer of LaSalle.

While we are in agreement with the contention of appellant that the public policy of this Commonwealth, as expressed by the legislature, is to protect the interests of

insureds, *see* 40 P.S. § 221.1(c), it seems the legislature itself undertook to provide for that interest by establishing an orderly procedure in the event of the insolvency of an insurer. 40 P.S. § 221.1 *et seq.* The liability of reinsurers in such a situation is specifically addressed in section 221.34 of the statute which provides:

§ 221.34 Reinsurer's liability

The amount recoverable by the liquidator from reinsurers shall not be reduced as a result of delinquency proceedings, regardless of any provision in the reinsurance contract or other agreement. Payment made directly to an insured or other creditor shall not diminish the reinsurer's obligation to the insurer's estate except when the reinsurance contract provided for direct coverage of an individual named insured and the payment was made in discharge of that obligation.

It, therefore, appears that, unless the reinsurance contract provides for payments to the individual named insured, the liability of the reinsurer is intended to run to the estate of the insolvent insurer for the eventual benefit of the insureds and not directly to the policyholders of the insurer.

Appellant also argues that appellee was obligated to defend the action brought against Eastern by reason of paragraph 16 of the reinsurance agreement which provides, *inter alia:*

[T]he reinsurer may investigate such claim and interpose, at its own expense, in the proceeding where such claim is to be adjudicated any defense or defenses which it may deem available to the Company, its liquidator or receiver or statutory successor.

This provision *permits* appellee to investigate and interpose a defense, but it does not impose a duty on the appellee to defend such actions. Thus, the appellee in this case had no duty to provide for the defense of appellant.

The order of the venerable Philadelphia County Common Pleas Court Judge Jerome A. O'Neill is affirmed.